UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                Case No.: 16-18464-AJC

**Alberto Soler,**                                                Chapter 13

    Debtor.

_____/

**Alberto Soler**

    Plaintiff,

v.                                                                        Adv. No. 16-01591-AJC

**Federal National Mortgage Association**

    Defendant,

**Seterus**

    Defendant,

**Ally Bank**

    Defendant,

**Kenneth R. Duboff Law Firm**

    Defendant.

_____/

### MOTION OF DEFENDANTS, FEDERAL NATIONAL MORTGAGE ASSOCIATION AND SETERUS, INC. TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Federal National Mortgage Association and Seterus, Inc., (hereinafter "Defendants"), by and through undersigned counsel, hereby move to dismiss Plaintiff's Complaint, and, in support thereof, state as follows:

1. Plaintiff, Alberto Soler, commenced this action by filing an Adversary Complaint (the "Adversary") seeking a Recovery of Money/Property, Injunctive Relief and Declaratory Judgment.

2. The Adversary consists of eight (8) counts and lists Defendants as parties to each count.

3. Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Rule 12(b) of the Federal Rules of Civil Procedure applies in adversary proceedings.

4. Under Rule 12(b)(6), a Defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.

5. The United States Supreme Court established the standard for factual allegations in complaints in *Bell Atlantic Corp. v. Twombley* as follows:

> While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; *Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Alain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp 235-236 (3d ed. 2004).

*Bell Atl. Corp v. Twombly,* 55 U.S. 544, 555-556 (U.S. 2007).

6. Plaintiff's Adversary does not meet the standard set forth in *Twombly*.

7. Plaintiff does not allege any elements of each cause of action in the Adversary, but rather simply lists a number of counts without any elements or factual allegations in support of each count.

8. The Adversary does not give rise to, or even suggest, how Defendants are responsible for any wrongdoing or that the Plaintiff is entitled to any relief sought.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Adversary for failure to state a claim upon which relief can be granted and for such other and further relief as this Court deems just and proper.

        Respectfully Submitted,

        Robertson, Anschutz & Schneid, P.L.
        Authorized Agent for Secured Creditor
        6409 Congress Ave., Suite 100
        Boca Raton, FL 33487
        Telephone: 561-241-6901
        Facsimile: 561-997-6909

        By: /s/Christopher P. Salamone
        Christopher P. Salamone, Esquire
        Email: csalamone@rasflaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 10, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Alberto Soler
4741 NW 5 St
Miami, FL 33126-2117

        By: /s/Christopher P. Salamone
        Christopher P. Salamone, Esquire
        Email: csalamone@rasflaw.com